IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY W. EZELL )
)
v. ) NO. 3:11-0405
)
METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY, et al. )

**O R D E R**

The plaintiff has filed a motion (Docket Entry No. 24) "in opposition to defendants' motion to dismiss." The motion is DENIED. A motion to dismiss has not been filed by the defendants, and the plaintiff's motion actually appears to be a response to the answer (Docket Entry No. 17) filed by Defendants Charles Williams and Glenfield Knight. However, Rule 7 of the Federal Rules of Civil Procedure does not permit a party to file a reply or response to an answer unless ordered by the Court. No such order has been issued in this action, and there is no need for the plaintiff to file a reply or response to the answer.

Subsequent to the plaintiff's motion, Defendants Williams and Knight filed a motion for summary judgment (Docket Entry No. 25) which is now pending before the Court. The plaintiff shall have until October 7, 2011, to file a response to the motion for summary judgment.

The plaintiff is advised that Rule 56(a) of the Federal Rules of Civil Procedure mandates that summary judgment be granted if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Once the defendants properly show the absence of a genuine dispute for trial, the plaintiff must show that the material facts are genuinely disputed by citing to materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, or show that the materials cited by the defendants do not establish an undisputed fact or that the defendants cannot produce admissible evidence to support such fact(s).

The plaintiff is also advised that, if he wishes to dispute the facts submitted by the defendants, he must respond to the defendants' statement of undisputed, material facts in accord with Local Rule 56.01(c), by responding to each fact set forth by the defendants by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purposes of ruling on summary judgment; or (3) by demonstrating that the fact is disputed, with specific citation to the record. The plaintiff may include his responses to each fact listed on the same copy of the defendants' Statement of Undisputed Facts with which he was served, and then file that document together with his response. If the plaintiff needs more space to respond to the defendants' Statement of Undisputed Facts, the plaintiff may attach additional pages thereto.

Finally, the plaintiff is advised that failure to file a timely response to the motion for summary judgment could result in the dismissal of the claims brought against these defendants.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

2

Case 3:11-cv-00405   Document 29   Filed 09/01/11   Page 2 of 2 PageID #: 148