IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY W. EZELL               )
                               )
        v.                     )   NO. 3:11-0405
                               )
METROPOLITAN GOVERNMENT OF     )
NASHVILLE AND DAVIDSON COUNTY, et al.  )

TO:  Honorable Aleta Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered June 20, 2011 (Docket Entry No. 5), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Motion for Summary Judgment filed by Defendants Glenfield Knight and Charles Williams (Docket Entry No. 25), to which the plaintiff has responded in opposition. See Docket Entry Nos. 37-38. Also before the Court is the defendants' reply. See Docket Entry No. 68. Set out below is the Court's recommendation for disposition of the motion.[1]

---

[1] By a separately entered Report and Recommendation, the Court will address the Motion to Dismiss filed by Defendants Karl Dean, Metropolitan Government of Nashville and Davidson County, Metropolitan Council, and Metropolitan General Hospital (Docket Entry No. 31), and the Motion to Dismiss filed by Defendants Tina Brewer, Rueben Hodge, Darrell Murphy, Carl Odle, and Bruce Westbrooks (Docket Entry No. 42).

# I. BACKGROUND

The plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Charles Bass Correctional Annex ("CBCX") in Nashville, Tennessee. On April 29, 2010, while incarcerated at the TDOC's Turney Center Industrial Complex Annex ("TCIX"), he was assaulted and sustained serious injuries to his face that required medical attention. He was transported to the Metropolitan General Hospital that day and asserts that he was examined by Dr. Wayne Moore ("Moore"). The plaintiff alleges that, despite his obvious facial injuries, Moore discharged him without taking an x-ray and that the only treatment Moore provided was a prescription for Tylenol, which the plaintiff contends was totally inadequate for his injuries.

After the plaintiff was returned to the TCIX, he continued to suffer extreme pain and was sent to the Wayne County Medical Center on May 3, 2010, for x-rays, which he alleges showed a "non-displaced fracture of the posterior aspect of left zygomatic arch." See Amended Complaint (Docket Entry No. 4), at ¶ 32. The plaintiff asserts that, although he was scheduled for oral surgery by Dr. Brown McGhee ("McGhee") and prescribed other, stronger medication for his pain by Dr. Melvin Butler, his oral surgery was cancelled by Dr. Charles Williams and that Dr. Brewster also refused to schedule or order the plaintiff to have oral surgery although such surgery had been recommended by McGhee. The plaintiff alleges that he was taken for x-rays of his face on August 5, and September 15, 2010, and was taken for a CT scan on February 11, 2011, but was never provided with any type of facial or oral surgery, and has not been provided with any treatment despite suffering from continued pain, facial disfigurement, loose teeth, and eye and dental problems. The plaintiff asserts that, after he was transferred from the TCIX to the CBCX, he filed a "Title VI" grievance on December 23, 2010, alleging that he had been discriminated against

because he was denied medical care at the TCIX and requesting that his medical condition be "solved." See Attachments to Complaint, at 14-15. The grievance was deemed by TCIX Sgt. Carl Odle to not qualify as a Title VI grievance and was then denied as untimely by a grievance committee consisting of TCIX employees Darrell Murphy, Tina Brewer, and Eric Fagan because the grievance was not filed within seven days of the occurrence as required by TDOC policy. Id. at 13, 17-18, and 22. The denial of the grievance was upheld on appeal by TCIX Deputy Warden Bruce Westbrooks[2] and by TDOC Assistant Commissioner Reuben Hodge. Id. at 12-13.

On April 28, 2011, the plaintiff filed this action pro se and in forma pauperis seeking damages, declaratory relief, and injunctive relief under 42 U.S.C. § 1983 for alleged violations of his civil rights.[3] He claims that he was denied constitutionally adequate medical treatment for his injuries and treated with deliberate indifference by the defendants. He contends that he was denied medical treatment because he is black and because Correctional Medical Services ("CMS"), the health care provider who has contracted with TDOC to provide medical treatment to inmates at the TCIX and CBCX, encouraged its employees to limit the medical care provided to inmates in order to increase profits. He specifically alleges that Richard Carter, a CMS officer, "created a policy and custom and was the final policy maker of Defendant CMS concerning who, what[,] when and how inmates are medically cared for while rewarding employees and contractors with monetary compensation when they can save the corporation money by the decisions made concerning inmate medical services and treatment . . . ." Id. at ¶ 48. Named as defendants to the complaint are the

---

[2] In his response upholding the denial of the grievance, Westbrooks also noted that the plaintiff was grieving a medical decision "which is non-grievable." See Docket Entry No. 1, at 13.

[3] The plaintiff later filed an Amended Complaint (Docket Entry No. 4) which contains a few corrections to the Complaint but is otherwise the same as his original Complaint.

3

Metropolitan Government of Nashville and Davidson County ("Metro"), the Metropolitan Council ("Metro Council"), CMS, the Metropolitan Nashville General Hospital ("General Hospital"), Nashville Mayor Karl Dean, Dr. Melvin Butler, Dr. Charles Williams, Dr. Wayne Moore, Dr. Burns, Dr. Glenfield Knight, Richard Carter, Dr. Brewster, Reuben Hodge, Darrell Murphy, Tina Brewer, Bruce Westbrooks, and Carl Odle. Each of the individual defendants is sued in their official and individual capacities. Answers have been filed by Defendant Knight and Williams (Docket Entry No. 17) and by Defendants Brewster, Burns, Butler, Carter, and CMS (Docket Entry No. 20).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith

4

Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## III. CONCLUSIONS

Defendants Knight and Williams seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure arguing that they are entitled to judgment as a matter of law because there are no genuine issues of material fact regarding the plaintiff's claims against them. Defendant Knight asserts that he is a radiologist at the General Hospital, that he was not involved in treatment or treatment decisions regarding the plaintiff, and that his only involvement with the plaintiff's medical treatment was that he interpreted the CT scan that was performed on the plaintiff's face on February 11, 2011, and issued a report of his findings and impressions. See Affidavit of Glenfield Knight (Docket Entry No. 28-1), at ¶¶ 5-7. Defendant Williams asserts that he is a physician at the Deberry Special Needs Facility ("DeBerry") who did not provide care to the plaintiff and that he had no role in the care and treatment of the plaintiff, including scheduling or cancelling any appointments regarding the plaintiff. See Affidavit of Charles Williams (Docket Entry No. 28-2), at ¶¶ 5-6. He contends that his name was erroneously entered on an "encounter sheet" by a staff person at DeBerry for the plaintiff's dental examination at DeBerry on June 23, 2010, and that the plaintiff was seen by a different medical care provider on that day. Id. at ¶ 5.

In response, the plaintiff argues that he had not yet had an opportunity to engage in discovery in the action, including having access to his medical records, and that he has moved for the Court to order an examination of his physical condition since that is an issue in the action. See Docket Entry No. 38, at 1-2. He also contends that Defendant Williams has not entered into evidence an affidavit from the DeBerry staff person who allegedly erroneously entered Defendant William's name on the "encounter sheet," that Defendant Williams did play a "significant role" in cancelling the oral surgery which had been set for the plaintiff on June 23, 2010, and that Defendant Knight

6

failed to specify in his report the age of the plaintiff's facial fractures or whether they were related to the injuries noted by Defendant Knight. See Affidavit of the Plaintiff (Docket Entry No. 37).

Even after viewing all evidence before the Court and all reasonable inference to be drawn therefrom in the light most favorable to the plaintiff, the Court finds that summary judgment should be granted to defendants Knight and Williams. There is simply no basis upon which any reasonable jury could find in favor of the plaintiff on his constitutional claims against these two defendants.[4]

With respect to Defendant Knight, the plaintiff does not dispute that Knight's only involvement in the plaintiff's medical care is that Knight interpreted a CT scan and issued a report of his findings, and there is no evidence before the Court showing, or even plausibly suggesting, that Defendant Knight had any authority or ability to treat the plaintiff. While the plaintiff appears to believe that Defendant Knight should have included different or additional findings in his report, see Plaintiff's Affidavit (Docket Entry No. 37), at ¶ 9, this belief, even if assumed to be valid and supported by admissible evidence for the purposes of this motion, would support a claim of negligence at best. However, negligence cannot be the basis for a constitutional claim under 42 U.S.C. § 1983. See Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2011). Given the lack of any evidence that Defendant Knight had a role in actually treating or making treatment decisions regarding the plaintiff, there is simply no basis upon which any reasonable jury could find that Defendant Knight acted with deliberate indifference toward the plaintiff, which is a necessary

---

[4] In their motion, the defendants also argue that summary judgment is appropriate on any state law claims of medical malpractice which could be construed as being alleged against them by the plaintiff. Although the plaintiff is proceeding pro se and his pleadings are thus construed liberally, the plaintiff's pleadings clearly and specifically allege only claims under 42 U.S.C. § 1983 for violations of his constitutional rights. See Docket Entry No. 4, at II and ¶¶ 21 and 26.

7

showing for an Eighth Amendment claim for unconstitutional medical care. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Comstock, 273 F.3d at 702.

With respect to Defendant Williams, Williams has set forth affirmative evidence that he did not treat the plaintiff, had no role in the plaintiff's medical treatment, did not make or cancel any appointments regarding the plaintiff, and that the plaintiff was treated by another physician at DeBerry. See Affidavit of Williams (Docket Entry No. 28-2). For any claim brought under Section 1983, there must be evidence showing the personal involvement of the defendant in the asserted constitutional claim. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

In response to Defendant William's motion, the plaintiff fails to offer any evidence supporting a conclusion that he was in fact treated by Defendant Williams, that Defendant Williams had a role in his treatment, and that Defendant Williams acted with deliberate indifference. The only rebuttal evidence offered by the plaintiff is his own affidavit statement that "Dr. Williams did play a significant role in canceling oral surgery for Plaintiff Timothy Ezell on June 23, 2010, in order to save Defendant CMS money, in order to receive a commission and or bonus for coming under

8

budget." See Docket Entry No. 37, at ¶ 7. However, the plaintiff fails to show any personal knowledge or any other factual basis supporting his conclusion that Defendant Williams played a significant role in cancelling his scheduled oral surgery. Conclusory statements simply do not raise genuine issues of material fact sufficient to rebut a properly supported motion for summary judgment. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). The plaintiff also argues that the Court does not have before it an affidavit from the employee who purportedly incorrectly entered Dr. Williams' name on the encounter sheet or any other evidence regarding this event such as the actual encounter sheet. In light of the fact that the plaintiff himself is able to provide evidence of what medical care provider examined him on June 23, 2010,[5] the evidence referred to by the plaintiff is not material and thus the absence of such evidence does not raise a genuine issue of material fact.

In his response in opposition, the plaintiff requests that, pursuant to Rule 56(d)[6] of the Federal Rules of Civil Procedure, summary judgment be denied or deferred until he has an opportunity to engage in discovery. See Docket Entry No. 38, at 1, and Docket Entry No. 37, at 1-2. The Court finds his argument unpersuasive. Given the plaintiff's failure to present affidavit evidence based on his own personal knowledge rebutting the evidence that Defendant Williams was not involved in treating the plaintiff and that Defendant Knight had an extremely limited role in his

---

[5] The Court notes one of the attachments to the Complaint is a document apparently created by the plaintiff in which he chronicles his medical treatment and in which he states that he was seen by a female "oral surgeon" at DeBerry on June 23, 2010. See Docket Entry No. 1, at 27.

[6] Rule 56(d) provides: If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
  (1) defer considering the motion or deny it;
  (2) allow time to obtain affidavits or declarations or to take discovery; or
  (3) issue any other appropriate order.

medical treatment, there is no need for additional discovery to resolve the defendants' pending motion. As noted supra, the facts of Defendant Knight's involvement with the plaintiff are undisputed by the plaintiff and, thus, resolving Defendant Knight's request for summary judgment requires only reviewing the alleged conduct of Defendant Knight under the applicable law. With respect to Defendant Williams, the plaintiff has not shown any factual basis supporting his conclusory allegations against Defendant Williams despite the fact that any such factual basis would be within his personal knowledge. Even without the benefit of discovery, the plaintiff should be able to set out the specific facts supporting his allegation that Defendant Williams cancelled his scheduled surgical appointment on June 23, 2010.[7]

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the Motion for Summary Judgment filed by Defendants Glenfield Knight and Charles Williams (Docket Entry No. 25) be GRANTED and that the plaintiff's claims against these two defendants be DISMISSED WITH PREJUDICE. The Court, however, recommends that the defendants' request that the judgment against them be made final at this time pursuant to Rule 54(b) of the Federal Rules of Civil Procedure be DENIED.

---

[7] The defendants correctly point out that the plaintiff has failed to respond to the Concise Statement of Undisputed Facts (Docket Entry No. 27) they submitted in support of their motion for summary judgment. Local Rule 56.01(g) states that the plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." However, given the plaintiff's pro se status and his obvious opposition to the summary judgment motion, the Court relies on the lack of evidence he has submitted in support of his claims rather than his non-compliance with the Local Rules in determining that facts at issue are undisputed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        _____
        JULIET GRIFFIN
        United States Magistrate Judge