IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TIMOTHY W. EZELL | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:11-0405 |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE AND DAVIDSON COUNTY, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered June 20, 2011 (Docket Entry No. 5), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are motions to dismiss filed by Defendants Karl Dean, the Metropolitan Government of Nashville and Davidson County, the Metropolitan Council, and the Metropolitan Hospital Authority (Docket Entry No. 31) and Defendants Tina Brewer, Rueben Hodge, Darrell Murphy, Carl Odle, and Bruce Westbrooks (Docket Entry No. 42). The plaintiff has filed a joint response in opposition to these two motions. See Docket Entry Nos. 64-65. Also before the Court is the motion for summary judgment of Defendants Jasper Brewster, Roberta Burns, Melvin Butler, Richard Carter, and Correctional Medical Services (Docket Entry No. 83), to which

the plaintiff has not responded,[1] and the plaintiff's motion for a preliminary injunction (Docket Entry No. 33), which is opposed. See Docket Entry Nos. 63 and 69. Set out below are the Court's recommendations for disposition of the motions.

## I. BACKGROUND

The plaintiff is a former inmate of the Tennessee Department of Correction ("TDOC").[2] On April 29, 2010, while incarcerated at the TDOC's Turney Center Industrial Complex Annex ("TCIX"), he was assaulted and sustained serious injuries to his face that required medical attention. He was transported to the Metropolitan General Hospital that day and asserts that he was examined by Dr. Wayne Moore ("Moore"). The plaintiff alleges that, despite his obvious injuries, Moore discharged him without taking an x-ray and that the only treatment provided was a prescription for Tylenol, which the plaintiff contends was inadequate for his injuries.

After the plaintiff was returned to the TCIX Annex, he alleges that he continued to suffer extreme pain and was sent to the Wayne County Medical Center on May 3, 2010, for x-rays, which he alleges showed a "non-displaced fracture of the posterior aspect of left zygomatic arch." See Amended Complaint (Docket Entry No. 4), at ¶ 32. The plaintiff asserts that, although he was scheduled for oral surgery by Dr. Brown McGhee ("McGhee") and prescribed other, stronger medication for his pain by Dr. Melvin Butler, his oral surgery was cancelled by Dr. Charles Williams and that Dr. Brewster also refused to schedule or order the plaintiff to have oral surgery

---

[1] By Order entered March 23, 2012 (Docket Entry No. 84), the plaintiff was notified of the motion and given a deadline of April 30, 2012, to file a response.

[2] The plaintiff filed this action while in the custody of the TDOC. On March 2, 2012, he filed a change of address notice providing a free world address. See Docket Entry No. 78.

although such surgery had been recommended by McGhee. The plaintiff alleges that he was taken for x-rays of his face on August 5, and September 15, 2010, and was taken for a CT scan on February 11, 2011, but was never provided with any type of facial or oral surgery, and has not been provided with any treatment despite suffering from continued pain, facial disfigurement, loose teeth, and eye and dental problems.

The plaintiff asserts that, after he was transferred from the TCIX to the Charles Bass Correctional Annex ("CBCX'), he filed a "Title VI" grievance on December 23, 2010, alleging that he had been discriminated against because he was denied medical care at the TCIX and requesting that his medical condition be "solved." See Attachments to Complaint, at 14-15. The grievance was deemed by TCIX Sgt. Carl Odle to not qualify as a Title VI grievance and was then denied as untimely by a grievance committee consisting of TCIX employees Darrell Murphy, Tina Brewer, and Eric Fagan because the grievance was not filed within seven days of the occurrence as required by TDOC policy. Id. at 13, 17-18, and 22. The grievance was upheld by TCIX Deputy Warden Bruce Westbrooks and on administrative appeal by TDOC Assistant Commissioner Reuben Hodge. Id. at 12-13.

On April 28, 2011, the plaintiff filed this action pro se and in forma pauperis seeking damages, declaratory relief, and injunctive relief under 42 U.S.C. § 1983 for alleged violations of his civil rights.[3] He claims that he was denied constitutionally adequate medical treatment for his injuries and was treated with deliberate indifference by the defendants. He contends that he was

---

[3] The plaintiff later filed an Amended Complaint (Docket Entry No. 4) which contains a few corrections to the Complaint but is otherwise the same as his original Complaint.

3

denied medical treatment because he is black and because Correctional Medical Services ("CMS"),[4] the health care provider which has contracted with TDOC to provide medical treatment to inmates at the TCIX and CBCX, encouraged its employees to limit medical care in order to increase profits. He specifically alleges that Richard Carter, a CMS officer, "created a policy and custom and was the final policy maker of Defendant CMS concerning who, what[,] when and how inmates are medically cared for while rewarding employees and contractors with monetary compensation when they can save the corporation money by the decisions made concerning inmate medical services and treatment . . . ." See Amended Complaint, at 5, ¶ 48.

Named as defendants are the Metropolitan Government of Nashville and Davidson County ("Metro"), the Metropolitan Council ("Metro Council"), CMS, the Metropolitan Nashville General Hospital ("General Hospital"), Nashville Mayor Karl Dean, Dr. Melvin Butler, Dr. Charles Williams, Dr. Wayne Moore, Dr. Roberta Burns, Dr. Glenfield Knight, Richard Carter, Dr. Jasper Brewster, Reuben Hodge, Darrell Murphy, Tina Brewer, Bruce Westbrooks, and Carl Odle. Each of the individual defendants is sued in their official and individual capacities. By Order entered March 27, 2012 (Docket Entry No. 89), the motion for summary judgment of Defendants Knight and Williams was granted and these defendants were dismissed from the action.

## II. STANDARDS OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the

---

[4]This defendant states in its motion for summary judgment that it is now known as Corizon Healthcare, Inc. See Docket Entry No. 83-1, at 2, n. 5. However, the Court shall refer to the defendant as Correctional Medical Services or CMS.

complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant

6

probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

A. Motion to Dismiss of Defendants Dean, Metro, Metro Council, and Metropolitan Hospital Authority (Docket Entry No. 31)

Defendant Dean argues that he has been named in this action only because he is the Mayor of Nashville and that the plaintiff has not alleged any facts supporting a claim that he was personally involved in any of the events underlying the complaint. As such, Defendant Dean contends that the plaintiff has not set out a claim against him upon which relief can be granted under Section 1983.

The motion to dismiss should be granted as to Defendant Dean. A defendant cannot be held individually liable under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The plaintiff's complaint is devoid of any allegations showing that Defendant Dean personally participated in, or otherwise authorized,

approved, or knowingly acquiesced in, the alleged unconstitutional conduct as is required for a claim against him. See Amended Complaint (Docket Entry No. 4), at 4, ¶ 35. As such, there is no basis for a claim of individual liability against Defendant Dean. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Furthermore, because respondeat superior is not a basis for liability under section 1983, defendant Dean's status as Mayor of Nashville does not render him personally liable for the acts of those who work in some capacity for the Metropolitan Government. Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The plaintiff's contention in his response in opposition that Defendant Dean controlled the care provided to the plaintiff through unconstitutional policies and customs, see Docket Entry No. 64, at 2, is speculative, conclusory, and unsupported by any factual allegations. Such a contention is simply insufficient to support claims under Section 1983. See Chapman v. City of Detroit, 808 F. 2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985).

The remaining three Metro defendants assert that the plaintiff's allegations fail to support constitutional claims against them for different reasons.

The Metro Council argues that it is not a legal entity capable of being sued. The plaintiff has not set forth any argument in his response in opposition which disputes this contention and supports a conclusion that the Metro Council is a legal entity capable of being sued in this action. Accordingly, the motion to dismiss should be granted as to the Metro Council.

Defendant Metro argues that it is not the entity responsible for operations of the Nashville General Hospital, which is owned and operated by the Metropolitan Hospital Authority ("MHA"). In his response in opposition, the plaintiff has not disputed this assertion, and he appears to have acknowledged this in his complaint since the basis for his claim against Metro is that Metro "was deficient in the management of subordinates." See Amended Complaint, at 3-4, ¶ 34. Accordingly, the motion to dismiss should be granted as to Defendant Metro.

The Metropolitan Hospital Authority ("MHA")[5] asserts that the plaintiff has not alleged facts which support a claim of liability against it as a municipal defendant. The Court agrees.

Any liability against MHA under Section 1983 must be premised upon a showing of municipal liability under the analysis set out in Monell. In Monell, the United States Supreme Court held that a municipality can be found liable under Section 1983 if a policy of the municipality itself causes the constitutional violation at issue. As the Supreme Court explained, "[i]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. The plaintiff must show that the governmental entity was the "moving force" behind the violation of the constitutional rights at issue, City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), abrogated in part on other grounds, Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Monell, 436 U.S. at 694), and that the complained-about action "was taken with the requisite degree of culpability and [the plaintiff] must demonstrate a direct causal link between the [defendant's]

---

[5] Although the plaintiff named the Nashville General Hospital as a defendant, the Metropolitan Hospital Authority has defended the action as if it were properly named in the complaint.

action and the deprivation of federal rights." Gregory, 220 F.3d at 442 (quoting Board of Cnty. Comm'rs of Bryan Cnty., 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

The plaintiff's allegations against MHA are based on broad assertions that it failed to supervise and train its employees, failed to ensure that constitutional violations did not occur at the hands of its employees, and knew of past misconduct by Defendant Moore but failed to take action to remedy it. See Amended Complaint, at 3-4, ¶¶ 34-35. The plaintiff's allegations are not supported by any specific facts and are both conclusory and speculative. Such allegations are insufficient to support a claim of municipal liability and state a claim for relief against Defendant MHA. Such allegations will not support a claim under Section 1983. See Chapman, supra; Smith, supra. Further, the plaintiff has not set forth any factual allegations supporting the conclusion that any policies were the moving force behind the alleged deficiencies in his own medical treatment as opposed to being the result of actions of individual actors. Merely positing a theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief which survives a motion to dismiss. See Iqbal, 556 U.S. at 678-79. As has been noted, "[i]n the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted Iqbal's standards strictly." Hutchison v. Metropolitan Gov't of Nashville and Davidson Cnty., 685 F.Supp.2d 747, 751 (M.D. Tenn. Feb. 5, 2010) (J. Nixon) (collecting cases).

B. Motion to Dismiss of Defendants Brewer, Hodge, Murphy, Odle, and Westbrooks (Docket Entry No. 42)

These five defendants assert that the claims against them should be dismissed because the plaintiff failed to properly exhaust his available administrative remedies as required by 42 U.S.C. § 1997e. They also contend that, to the extent that they are named in their official capacities, they

10

are not persons under Section 1983 and any damage claims against them are barred by the Eleventh Amendment. The defendants further argue that the plaintiff fails to set out facts showing their personal involvement in the alleged unconstitutional behavior and fail to state claims against them for either deliberate indifference or racial discrimination.

After review of the motion to dismiss and the plaintiff's response in opposition (Docket Entry No. 64), the Court finds that the motion to dismiss should be granted because the plaintiff's allegations do not support a constitutional claim against these five defendants. A defendant cannot be held liable under 42 U.S.C. § 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. See Hardin, supra. The plaintiff has not shown any of the defendants personally participated in the alleged denial of medical care. None of the five defendants is alleged to be a medical care provider or to have had any role in either providing medical care to the plaintiff or making decisions regarding his medical care. Indeed, these five defendants' only involvement with the facts of this case is that they had some type of role in reviewing and deciding the plaintiff's internal prison grievance about the alleged lack of medical care. Defendant Odle reviewed the plaintiff's grievance and determined that it did not constitute a "Title VI" grievance. Defendants Murphy and Brewer were on the grievance committee who denied the plaintiff's grievance as untimely. Defendant Westbrooks, as the CBCX warden's designee, agreed with the committee's response, and Defendant Hodge upheld the denial of the grievance on administrative appeal to the TDOC Commissioner. See Amended Complaint, at 12-18 and 22.

The defendants' awareness of the plaintiff's allegations of wrongdoing as set out in his prison grievance is not sufficient, in and of itself, to support a claim of personal liability under

Section 1983 and does not show that the defendants directly participated, encouraged, authorized, or acquiesced in the alleged unconstitutional conduct. See Shehee, 199 F.3d at 300; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). If a prison grievance or grievance appeal triggered a duty to investigate that could form the basis for constitutional liability if the responding official did not overturn the underlying wrong complained about, then TDOC employees and administrators would essentially become liable for all acts committed within the TDOC system that are the subject of an institutional grievance. Such a scenario is not consistent with the requirement of a showing of personal liability under Section 1983. See Grinter v. Knight, 532 F.3d 567, 575-76 (6th Cir. 2008); Shehee, 199 F.3d at 300; Henry v. Pogats, 35 F.3d 565, 1994 WL 462129 (6th Cir. Aug. 25, 1994) (unpublished) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983."). The arguments made by the plaintiff in his response in opposition that there could be a finding of personal liability against these defendants are unpersuasive and fail to rebut the defendants' motion.[6]

To the extent that the plaintiff sues the defendants in their official capacities, such claims warrant dismissal. The Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on civil rights claims, Turker v. Ohio Dep't of Rehab. & Corr., 157 F.3d 453, 456 (6th Cir. 1998), and a state official acting in his official capacity is not a "person" under Section 1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin, 954 F.2d at 1198.

---

[6] Because dismissal of the defendants is clearly warranted for failure of the plaintiff to allege facts supporting a claim against them under Section 1983, it is not necessary to address the defendants' alternative arguments for dismissal.

C. Motion for Summary Judgment of Defendants Brewster, Burns, Butler, Carter, and Correctional Medical Services (Docket Entry No. 83)

Although their motion is one for summary judgment, Defendants Butler, Burns, Carter, and CMS argue that the plaintiff's allegations are not sufficient to support constitutional claims against them under Section 1983. Defendant Brewster has submitted his own affidavit (Docket Entry No. 83-2) and contends that the undisputed facts show that he provided the plaintiff with constitutionally adequate medical care and did not violate the plaintiff's constitutional rights.

The plaintiff's allegations against Defendant Butler fail to support a claim upon which relief can be granted under Section 1983, and Defendant Butler should be dismissed for the action. Butler is alleged to be the Regional Medical Director for CMS. The only allegation of his direct involvement with the plaintiff's medical care is that he is alleged to have authorized a "non-formulary drug request" for pain medication for the plaintiff on May 4, 2010. See Amended Complaint, at 4, ¶ 39. There is no basis upon which it can be reasonably inferred that this was an act of deliberate indifference to the plaintiff's serious medical needs as is required for a constitutional claim of inadequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). The only other allegations made against Defendant Butler in the complaint, see Amended Complaint, at 4, ¶¶ 40and 42-43, are factually unspecific and conclusory and are premised on his supervisory position, not on any actions he took with respect to the plaintiff's care. Such allegations simply fail to provide a basis for a claim of personal liability against Defendant Butler under Section 1983. See Greene, supra; Hardin, 954 F.2d at 1196; Chapman, supra.

The plaintiff's allegations against Defendant Burns fail to support a claim upon which relief can be granted under Section 1983 and Defendant Burns should be dismissed for the action. Burns is alleged to be a medical care provider at the CBCX. The only factual allegation made against her is that, on February 22, 2011, she "knew about the pain and suffering [the plaintiff] was experiencing with his teeth, jaw, and facial bones and wrote in her notes that they were cosmetic." See Amended Complaint, at 4, ¶ 11. Even if this allegation is taken as true, it is an insufficient factual basis to support a constitutional claim against Defendant Burns. In the absence of other factual allegations against Burns, there is no basis upon which it can be reasonably inferred that Burns acted with deliberate indifference to the plaintiff's serious medical needs as is required for his constitutional claim. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle, supra; Comstock, supra. At best, he alleges a misdiagnosis or negligence, which will not support constitutional claims. See Estelle, 429 U.S. at 105-06; Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).[7]

The plaintiff's claims against Defendants Carter and CMS also warrant dismissal for failure to state a claim upon which relief can be granted. Defendant Carter is alleged to be the Chief Operating Officer and Executive Vice-President of CMS. The plaintiff does not allege that Defendant Carter had any personal involvement in the plaintiff's treatment. Instead, the allegations against Defendant Carter are essentially the same as those made against CMS. The plaintiff alleges that CMS had policies or customs, as created by Carter, of failing to provide appropriate medical

---

[7] In an affidavit (Docket Entry No. 65) submitted by the plaintiff in opposition to the other defendants' motions to dismiss, he makes additional allegations that Defendant Burns examined him, referred him for a CT scan, and told him that she could make a recommendation for cosmetic surgery. Id. at ¶¶ 15 and 18. Even when these allegations are considered, they do not support a claim that Burns acted with deliberate indifference to the plaintiff's serious medical needs.

14

care to inmates for monetary and non-medical reasons and of failing to properly train and supervise its employees in the face of a pattern of repeated unconstitutional behavior. See Amended Complaint, at 4 -5, ¶¶ 44-48. The plaintiff asserts that his alleged lack of medical care was a result of these policies.

Any claim premised upon a theory that a policy of CMS caused the deprivation of the plaintiff's constitutional rights requires the same analysis used for determining the liability of a municipality under Section 1983. See Starcher v. Correctional Med. Sys., Inc., 7 Fed.Appx. 459, 2001 WL 345810 (6th Cir. March 26, 2001) (unpublished) (applying policy requirement to CMS in prison medical care case).

The plaintiff's allegations indicate that he attempts to base his claims against Carter and CMS on no more than a theory of respondeat superior, which is a theory that will not support liability under Section 1983. See Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (1996). His allegations that the purported policies existed at CMS and that these policies were directly responsible for his alleged lack of medical care are conclusory and are not buttressed by any factual allegations. Although the plaintiff speculates that medical care is denied to inmates by CMS for monetary, non-medical reasons, he provides no factual allegations supporting this speculation. Nor does he provide any factual allegations supporting his conclusions that CMS has a policy of failing to train and supervise its employees or that CMS ignored a pattern of unconstitutional medical treatment. Further, the plaintiff has not set forth any factual allegations supporting the conclusion that any such policies were the moving force behind the alleged deficiencies in his own medical treatment as opposed to being the result of actions of individual actors. Merely positing a theory of

legal liability that is unsupported by specific factual allegations does not state a claim for relief which survives a motion to dismiss. See Iqbal, 556 U.S. at 678-79.

Summary judgment should be granted to Defendant Brewster. Brewster is alleged to be a dentist for CMS. The only factual allegation made against Brewster is that he "refused to make this very necessary serious oral surgery request to Defendant Dr. Butler in an effort to keep costs to Defendant CMS low as possible, which is why he based his medical decision." See Amended Complaint, 4, at ¶ 40. In response, Defendant Brewster has filed his own affidavit in which he states that he was the CMS dental director, denies refusing necessary medical care to the plaintiff or refusing care for cost-savings considerations, and asserts that he did not submit a request for oral surgery to Dr. Butler because, as the medical director, Dr. Butler does not approve requests for dental services. See Affidavit of Brewster (Docket Entry No. 83-2). In the face of the affirmative evidence from Defendant Brewster, the plaintiff cannot merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). In response to Defendant Brewster's motion, the plaintiff fails to offer any evidence supporting a conclusion that he was treated with deliberate indifference by Defendant Brewster in violation of his constitutional rights.

### D. Equal Protection Claim

In addition to his allegations regarding the denial of medical care in violation of the Eighth Amendment, the plaintiff also alleges that he was treated with deliberate indifference because of his

status as a black prisoner in violation of his Fourteenth Amendment rights. See Amended Complaint, at 1. An equal protections claim against the defendants based on this allegation warrants dismissal for failure to state a claim upon which relief can be granted. The plaintiff's allegation is completely conclusory and there are no factual allegations contained anywhere in the complaint supporting a claim that medical care was denied to the plaintiff because of his race. Such allegations will not support a claim under Section 1983. Chapman, supra.

E. Plaintiff's Motion for a Preliminary Injunction (Docket Entry No. 33)

While still an inmate of the TDOC, the plaintiff sought a preliminary injunction requiring the defendants to provide him with medical care and with a physical examination. See Docket Entry No. 33 and Docket Entry No. 34, at 5-6.[8]

This motion should be denied as moot in light of the fact that the plaintiff is no longer a confined inmate, having been released from the custody of the TDOC.

**RECOMMENDATION**

For the reasons set out above, the Court respectfully RECOMMENDS that;

1. the motion to dismiss of Defendants Karl Dean, the Metropolitan Government of Nashville and Davidson County, the Metropolitan Council, and the Metropolitan Hospital Authority (Docket Entry No. 31) be GRANTED;

---

[8] The plaintiff also filed a motion for a physical examination (Docket Entry No. 35). By contemporaneous order, the Court has denied this motion.

2. the motion to dismiss of Defendants Tina Brewer, Rueben Hodge, Darrell Murphy, Carl Odle, and Bruce Westbrooks (Docket Entry No. 42) be GRANTED;

3. the motion for summary judgment of Defendants Jasper Brewster, Roberta Burns, Melvin Butler, Richard Carter, and Correctional Medical Services (Docket Entry No. 83) be GRANTED;

4. Defendants Karl Dean, the Metropolitan Government of Nashville and Davidson County, the Metropolitan Council, the Metropolitan Hospital Authority, Tina Brewer, Rueben Hodge, Darrell Murphy, Carl Odle, Bruce Westbrooks, Jasper Brewster, Roberta Burns, Melvin Butler, Richard Carter, and Correctional Medical Services be DISMISSED WITH PREJUDICE;[9] and

5. the plaintiff's motion for a preliminary injunction (Docket Entry No. 33) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _____
    JULIET GRIFFIN
    United States Magistrate Judge

---

[9] Wayne Earl Moore is the only defendant remaining in this action. Although an appearance was entered on his behalf, see Docket Entry No. 70, he has not answered or otherwise responded to the complaint.