IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY W. EZELL )
)
v. ) NO. 3:11-0405
)
METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY, et al )

TO: Honorable Aleta Trauger, District Judge

# **R E P O R T  A N D  R E C O M E N D A T I O N**

By Order entered June 20, 2011 (Docket Entry No. 5), this pro se and in forma pauperis prisoner civil rights action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

By Order entered July 5, 2012 (Docket Entry No. 100), the plaintiff's claims against all defendants, except for Wayne Earl Moore, were dismissed from the action and the case was remanded to the Magistrate Judge to determine the status of the claims against Defendant Moore. Accordingly, by Order entered July 9, 2012 (Docket Entry No. 102), the Magistrate Judge gave the plaintiff until July 25, 2012, to file a notice indicating whether or not he intends to prosecute his claims against Defendant Moore.

The plaintiff has not filed the notice as directed by the Court or otherwise made any filings after the Order was entered. This is not surprising because all mail sent to the address provided by

the plaintiff on March 2, 2012, upon his release from incarceration, see Change of Address Notice (Docket Entry No. 78), has been returned as undeliverable. See Docket Entry Nos. 98-99 and 104-105. Indeed, copies of the July 9, 2012, Order sent to the plaintiff, by both certified and regular, first class mail, were likewise returned as undeliverable with notations "return to sender," "not deliverable as addressed," and "unable to forward." See Docket Entry Nos. 106 and 107.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of the plaintiff's failure to comply with the directives of the Court and his failure to keep the Court informed of his current address. Dismissal with prejudice is appropriate in light of the plaintiff's disregard of the Court's Order entered July 9, 2012, and the impasse in further proceedings in the action caused by the plaintiff's failure to continue to prosecute the action upon his release from incarceration and the fact that his current whereabouts are unknown. Given the plaintiff's apparent disinterest in the action, a sanction lesser than dismissal is not warranted.

**RECOMMENDATION**

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge